```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

SUSAN E. PRAMUK,                      )
                                      )
Plaintiff,                            )
                                      )
vs.                                   )   NO. 2:12-CV-77
                                      )
PURDUE CALUMET UNIVERSITY,            )
                                      )
Defendant.                            )
```

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed by Purdue Calumet University on May 11, 2012, and Plaintiff's Motion for Damages filed on December 6, 2012.  For the reasons set forth below, the motion to dismiss is **GRANTED.** Plaintiff's claim pursuant to the Age Discrimination Act is **DISMISSED** without prejudice due to lack of subject matter jurisdiction.  All other claims are **DISMISSED** with prejudice. Plaintiff's Motion for Damages filed December 6, 2012, is **DENIED AS MOOT.**

BACKGROUND

On February 22, 2012, *pro se* Plaintiff, Susan E. Pramuk ("Pramuk"), filed a complaint against Defendant, Purdue Calumet University ("Purdue").  Pramuk filed an amended complaint on

–1–

April 11, 2012, utilizing a form provided by the Clerk's Office designed for *pro se* litigants to use when bringing an employment discrimination lawsuit. She indicates, by initialing the lines to the left of various entries, that she is bringing her lawsuit pursuant to the following statutes: (1) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-5) ("Title VII"); (2) The Age Discrimination in Employment Act (29 U.S.C. § 621) ("ADEA"); (3) The Americans with Disabilities Act (42 U.S.C. § 12101) ("ADA"); (4) The Rehabilitation Act of 1973 (29 U.S.C. § 701, *et seq.*) ("Rehabilitation Act"); and (5) 42 U.S.C. § 1981. Under "other" Pramuk specifies that her Rehabilitation Act claim is brought under Section 504, and her ADA claim is brought under Title II. The amended complaint itself contains almost no facts. In the section that is designed for a *pro se* plaintiff to present facts, Pramuk has instead provided citations to statutes and statutory language.

What can be gleaned from the amended complaint is that Pramuk, who was once a student at Purdue, believes Purdue discriminated against her due to her age and disability. She filed two complaints with the U.S. Department of Education. The following summary of her claims is taken from the July 19, 2010, letter from the United States Department of Education Office for

Civil Rights ("OCR"), which is attached to her complaint:

> 1. In fall 2009, the University denied [Pramuk] the necessary academic adjustments of alternate arrangements for submitting papers and a waiver of attendance rules and the necessary auxiliary aid of books on tape.
>
> 2. In fall 2009, instructors in a Social Psychology course and an Organizational Behavior course did not provide [Pramuk] with study guides or test answers and also gave [Pramuk] lower grades than [she] deserved;
>
> 3. In fall 2009, instructors in Social Psychology course and an Organizational Behavior course created tests that they knew would be more difficult for [Pramuk] than for other students;
>
> 4. In spring 2010, the University's Financial Aid Office inappropriately billed [Pramuk] $1600;
>
> 5. In spring 2010, the University did not provide [Pramuk] the necessary auxiliary aid of books on tape in [Pramuk's] Introduction to Criminal Justice, Essentials of Nutrition, Juvenile Delinquency, and Spanish Level I courses; and
>
> 6. In spring 2010, [Pramuk] did not receive lecture notes provided to all other students in a Nutrition course.

(DE 4 at 4). The OCR determined that the evidence gathered was insufficient to establish that Purdue violated Section 504 of

the Rehabilitation Act, Title II of the ADA, or the Age Discrimination Act of 1975, 42 U.S.C. §§ 6102-6103 ("Age Discrimination Act"). There is no evidence that Pramuk filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission.

In the instant motion, Purdue moves to dismiss each of Pramuk's claims. Pramuk did not file a response to the instant motion, even after this Court *sua sponte* extended the deadline to file a response and notified Pramuk of her obligation to respond. Accordingly, the motion is fully briefed and ripe for adjudication.

On December 6, 2012, Pramuk filed a Motion for Damages in which she makes reference to the statutes that serve as the basis for this lawsuit without any further argument or legal support. Defendant responded to the motion noting that Pramuk failed to provide any facts or authority in support of her motion. This motion is also fully briefed and ripe for adjudication.

DISCUSSION

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all

facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to provide the grounds of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

Pramuk's Title VII Claim

Title VII provides that "it shall be an unlawful employment practice for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Moreover, the existence of an employment relationship at the time of the discrimination complained of is a necessary prerequisite to bringing a claim under Title VII.  *Id*.

In her Amended Complaint, Pramuk failed to allege an employment relationship between herself and Purdue.  She also failed to allege that she is a member of a protected class under Title VII.  In her Amended Complaint, Pramuk alleged that she was discriminated against based on her age and physical disability; not her race, color, religion, sex, or national origin as required by the statute.  As such, she has failed to state a valid claim against Purdue under Title VII.

Pramuk's ADEA Claim

The ADEA provides that "[i]t shall be unlawful for an employer to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  Pramuk has failed to state a valid claim under the ADEA for the same reason that her Title VII claim failed; she did not allege an employment relationship between herself and Purdue in her Amended Complaint.

Pramuk's Claim Under 42 U.S.C. § 1981

42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right[s] in every state and territory . . . as is enjoyed by white citizens."  The United States Supreme Court has interpreted this statutory language as requiring intentional discrimination based on race or ethnicity for a claim brought under Section 1981 to be viable.  See *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) ("Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics.  Such discrimination is racial

discrimination that Congress intended § 1981 to forbid."). *See also Abdullahi v. Prada USA Corp.*, 520 F.3d 710, 712 (7th Cir. 2008). Because Pramuk has failed to allege that she is a member of a class protected under Section 1981, she fails to state a claim upon which relief can be granted.

Pramuk's Claim Under Section 504 of The Rehabilitation Act

Section 504 of the Rehabilitation Act is codified at 29 U.S.C. § 794, which provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A Claim brought in federal court under 29 U.S.C. § 794(a) is governed by the statute of limitations for personal injury claims of the state in which the federal court is sitting. *Conley v. Village of Bedford Park*, 215 F.3d 703, 710, n.5 (7th Cir. 2000). Under Indiana law, a personal injury claim must be commenced within two years after the cause of action accrues. Ind. Code § 34-11-2-4.

In her Amended Complaint, Pramuk alleged that the discriminatory conduct occurred in the fall of 2009. (Am.

Compl., p. 3). Thus, Pramuk had until sometime in the fall of 2011 to bring her claim. Pramuk did not file her complaint with this Court until February 22, 2012. As a result, Pramuk's claim is untimely unless there is some basis for tolling the statute of limitations so as to cure the untimely filing.

The statute of limitations can be tolled when a plaintiff is required to exhaust administrative remedies prior to filing a claim in federal court. *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 465-66 (1975). However, when a plaintiff elects to exhaust administrative remedies, but is not required to do so, the statute of limitations will not be tolled. *Id*. at 461. Furthermore, claims brought under 29 U.S.C. § 794(a), are subject to "[t]he remedies, procedures, and rights set forth in [T]itle VI of the Civil Rights Act." 29 U.S.C. § 794a(a)(2). The Seventh Circuit has held that a plaintiff does not have to exhaust administrative remedies to bring a claim under Title VI, and consequently, a plaintiff need not exhaust administrative remedies to bring a claim under 29 U.S.C. § 794(a). *See McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1321 (7th Cir. 1984) (suggesting that administrative remedies need not be exhausted to bring a claim under 29 U.S.C. § 794(a) because "Title VI remedies—which involve things like cutting off federal

funds to the discriminator—are not designed to help individuals"). Thus, in this case, the fact that Pramuk filed a complaint with the OCR did not toll the statute of limitations with respect to her claim under 29 U.S.C. § 794(a).

This does not end the tolling inquiry. When a federal claim is controlled by a state statute of limitations, a federal court may look to state law to decide whether the statute of limitations should be tolled for equitable reasons. *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989). Under Indiana law, equitable tolling is permitted in three situations. *See Trzeciak v. State Farm Fire & Cas. Co.*, 809 F. Supp. 2d 900, 911-12 (N.D. Ind. 2011) (summarizing Indiana law governing equitable tolling).

First, the statute of limitations may be tolled where fraud or fraudulent concealment has occurred. Ind. Code § 34-11-5-1. The Indiana Supreme Court provided the following explanation of when tolling is appropriate based on fraud or fraudulent concealment:

> Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim.… [T]his doctrine should be available to the plaintiff to estop a defendant from asserting

–10–

> the statute of limitations when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action. When this occurs, equity will toll the statute of limitations until the equitable grounds cease to operate as a reason for delay.

*Doe v. Shults-Lewis Child & Family Services, Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) (internal citations omitted). Second, the statute of limitations may be tolled where the plaintiff suffers from some legal disability. Ind. Code § 34-11-6-1. Legal disabilities "include incompetency, minority, imprisonment, non-residency under certain circumstances, and war." *Walker v. Memering*, 471 N.E.2d 1202, 1204 (Ind. Ct. App. 1984). Finally, the statute of limitations may be tolled where a case was timely filed in federal court but is dismissed for lack of diversity jurisdiction. *Trzeciak*, 809 F. Supp. 2d at 912 (N.D. Ind. 2011).

As a general rule, "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). *See Indep. Trust Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to

anticipate and defeat affirmative defenses."). However, dismissal may be appropriate "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Specifically, where a complaint does not plead any facts that could support a justification for tolling the statute of limitations the complaint may be properly dismissed under Rule 12(b)(6). *Id*.

In the present case, Pramuk's complaint — even when read together with the attached OCR materials — contains no facts whatsoever to justify tolling the statute of limitations under any federal tolling doctrine or any of the three tolling justifications recognized by the State of Indiana.[1] As explained in *Logan*, when a complaint contains no facts to support tolling the statute of limitations, dismissal under Rule 12(b)(6) is appropriate. Thus, Pramuk's claim under Section 504 of the Rehabilitation Act is dismissed for failure to file within the applicable limitations period.

---

[1] It is further noted that Plaintiff opted not to respond to the instant motion to dismiss, even after being advised by this Court of her obligation to respond and given additional time in which to file her response. Accordingly, she has made no argument that any tolling doctrine is applicable to her claims.

Pramuk's Claim Under Title II Of The ADA

Pramuk's claim under Title II of the ADA is dismissed for the same reason her claim under Section 504 of the Rehabilitation Act must be dismissed. Claims under Title II of the ADA brought in a federal court sitting in Indiana are governed by Indiana's two year statute of limitations for personal injury claims. Ind. Code § 34-11-2-4; *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 n.3 (7th Cir. 1996). As with Pramuk's Rehabilitation Act claim, her claim under Title II of the ADA is untimely because the alleged discriminatory conduct occurred in fall 2009 but her complaint was not filed until February 22, 2012. Further, a Plaintiff need not exhaust administrative remedies to bring a claim in federal court under Title II of the ADA. *Canfield v. Isaacs*, 523 F. Supp. 2d 885, 888 (N.D. Ind. 2007). Thus, the statute of limitations was not tolled when Pramuk filed her claim with the OCR. Finally, just as with Pramuk's Rehabilitation Act claim, her complaint contains no allegations whatsoever to support any recognized justification for equitable tolling with respect to her claim under Title II of the ADA. Thus, Pramuk's claim under Title II

of the ADA must be dismissed as time barred.[2]

Pramuk's Age Discrimination Act Claim

Purdue argues that this Court lacks subject matter jurisdiction over Pramuk's claim under the Age Discrimination Act because Pramuk failed to comply with the Act's notice requirement. The Age Discrimination Act requires a plaintiff to "give notice by registered mail not less than 30 days prior to the commencement of [an] action to…the person against whom the action is directed." 42 U.S.C. § 6104(e)(1).

Although the Seventh Circuit has not yet ruled on whether the Age Discrimination Act's notice requirement is a

---

[2] The Defendant also argues that it is entitled to sovereign immunity on Pramuk's ADA claim. In support of this argument, Defendant relies on district court cases from within this Circuit. See *Rittenhouse v. Bd. of Trs. of S. Ill. Univ.*, 628 F.Supp.2d 887, 894-95 (S.D. Ill. 2008); *Doe v. Bd. of Trs. of Univ. of Ill.*, 429 F.Supp.2d 930 (N.D. Ill. 2006). Since the filing of the motion to dismiss, a district court in the Southern District of Illinois has respectfully disagreed with the *Doe* and *Rittenhouse* Courts. *Novak v. Bd. of Trs. of S. Ill. Univ.*, 2012 WL 5077649, *8 (S.D. Ill. Oct 18, 2012). Furthermore, several Circuit Courts have reached rulings contrary to the Defendant's position, yet the Defendant opted not to bring these opinions to this Court's attention. *Id.* at *8 (rejecting the reasoning of *Doe* and *Rittenhouse* and finding the reasoning of the First, Third, Fourth and Eleventh Circuits more persuasive). Based on the inadequate briefing of the issue and the fact that this case can be disposed of based on the failure to file within the applicable statute of limitation, this Court has declined to rule on the issue of sovereign immunity under Title II of the ADA. Counsel for Defendant, however, is admonished that, in future filings, where the Seventh Circuit has not addressed an issue but several other Circuit Courts have addressed the issue in a manner that is inconsistent with district court opinions within this Circuit, it is expected that those cases will be brought to this Court's attention.

jurisdictional prerequisite to suit, several district courts that have considered this issue have determined that the notice requirement is jurisdictional. *See Pullen-Walker v. Roosevelt Univ.*, 2006 WL 1843364 *6 (N.D. Ill. June 28, 2006) (finding that both the administrative exhaustion and notice requirements must be satisfied for the Court to have jurisdiction); *See Popkins v. Zagel*, 611 F. Supp. 809, 812 (D.C.Ill. 1985) ("The plaintiff's claim under the Age Discrimination in Federally Assisted Programs Act is not properly before the Court… Because the plaintiff has not demonstrated compliance with [42 U.S.C. § 6104(e)], the Court lacks jurisdiction over this claim."); *Curto v. Smith*, 248 F. Supp. 2d 132, 145 (N.D.N.Y. 2003). (noting that, under the ADA, the complainant must give 30 days notice by registered mail to the defendant and that the district court lacks subject matter jurisdiction over the suit if the requirement is not fulfilled).  The Court finds these cases persuasive.

To support its jurisdictional argument, Purdue has submitted the Declaration of Janice Beard (DE 11).[3]  In her

---

[3] Because Purdue's basis for dismissing the Age Discrimination Act claim is not failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), but a lack of subject matter jurisdiction, it is governed by

Declaration, Ms. Beard states "I did not receive notice from [Pramuk] or from anyone acting on her behalf regarding any claims against Purdue in accordance with the requirements of 42 U.S.C. § 6104(e)."  (DE 11).  Further, Pramuk has offered no evidence whatsoever to suggest that she notified Purdue of her claim in accordance with the Age Discrimination Act.  Because Pramuk failed to notify Purdue of her claim under the Age Discrimination Act as required by 42 U.S.C. § 6104(e), her claim under the Age Discrimination Act is dismissed for lack of subject matter jurisdiction.

CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED.**  Plaintiff's claim pursuant to the Age Discrimination Act is **DISMISSED** without prejudice due to lack of

---

Federal Rule of Civil Procedure 12(b)(1).  Accordingly, it is appropriate to consider documents outside the pleadings in assessing whether this Court has subject matter jurisdiction over the claim.  *See Barnhart v. United States*, 884 F.2d 295 (7th Cir. 1989)(a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "may be supported by whatever documents might be necessary to resolve the jurisdictional problem…").

subject matter jurisdiction. Plaintiff's remaining claims are **DISMISSED** with prejudice. Plaintiff's Motion for Damages is **DENIED AS MOOT**.


**DATED: December 13, 2012**          /s/RUDY LOZANO, Judge
                                      **United States District Court**